NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

EDUARDO ALVAREZ-HERRERA, *Appellant.*

No. 1 CA-CR 26-0008

FILED 07-07-2026

Appeal from the Superior Court in Maricopa County
No.  CR2004-005100-001
The Honorable Therese A. Gantz, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Quinton S. Gregory
*Counsel for Appellee*

Robert J. Campos & Associates, P.L.C., Phoenix
By Robert J. Campos
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Daniel J. Kiley delivered the decision of the Court, in which Judge D. Steven Williams and Judge Cynthia J. Bailey joined.

**K I L E Y**, Judge:

¶1 Eduardo Alvarez-Herrera appeals the denial of his petition to seal his criminal records pursuant to A.R.S. § 13-911. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 In 2004, Alvarez-Herrera pled guilty to possession of burglary tools, a class 6 felony in violation of A.R.S. § 13-1505. The superior court placed him on probation for three years, subject to conditions that included serving a six-month jail term and completing substance abuse "counseling . . . as directed by" the Adult Probation Department ("APD"). APD directed him to participate in a cognitive intervention program.

¶3 Two years later, Alvarez-Herrera was found in violation of the terms of his probation based on his admission that he did not participate in the cognitive intervention program as directed. Reinstating his probation, the court expressly directed Alvarez-Herrera to participate in a cognitive skills program as directed by APD.

¶4 In 2007, the superior court entered an order discharging Alvarez-Herrera from probation, noting that although Alvarez-Herrera "successfully completed" most conditions of probation, he "did not complete the special term of Cognitive Skills classes."

¶5 In May 2025, Alvarez-Herrera filed a petition (the "First Petition") in which he asked the superior court to "seal [his] conviction" pursuant to A.R.S. § 13-911 because he had been "successfully discharged . . . from probation."

¶6 On September 30, 2025, the court issued an order stating in part that Alvarez-Herrrera was "not entitled to have the requested records sealed" because he had "not completed all terms and conditions of sentencing." The order "dismiss[ed]" the First Petition and concluded with

the notation, "If the court has denied your petition, you must wait at least 3 years after the date of the denial before you can file a new petition."

**¶7** About two weeks later, Alvarez-Herrera filed what he entitled a "Renewed Motion to Seal" (the "Second Petition") in which he repeated his request that the court "seal [his] conviction" under Section 13-911 because he had been "successfully discharged . . . from probation." He noted that the court had "denied [his] request to seal his conviction" but asserted that the court "did not explain the basis for the denial." Alvarez-Herrera explained that he "may be able to correct any deficiency but . . . must first know what the court [was] referring to."

**¶8** On December 19, 2025**,** the court issued an order denying the Second Petition. The court explained that it had "denied" the First Petition "on September 19, 2025[,]" and that Section 13-911(L) required Alvarez-Herrera to "wait 3 years before filing a new petition."

**¶9** On December 30, 2025, Alvarez-Herrera filed a notice of appeal from "the denial of [his] Petition to Seal entered by the court on December 11 [*sic*], 2025." We have jurisdiction pursuant to A.R.S. § 13-4033(A)(5).

## DISCUSSION

**¶10** On appeal, Alvarez-Herrera argues that the court "abused its discretion" and "applied the wrong legal standard" when it "denied" his request to seal the records of his conviction following his "successful discharge" from probation eighteen years ago.

**¶11** Section 13-911 authorizes a court to seal a defendant's criminal records if the defendant has "complete[d] all of the nonmonetary terms and conditions of [the defendant's] sentence ordered by the court," as long as the statutorily-required period "has passed since the person . . . was discharged by the court." A.R.S. § 13-911(E). If the court denies a petition to seal, the petitioning defendant "may not file a new petition until three years after the date of the denial." A.R.S. § 13-911(L). We review the court's denial of a petition to seal records for an abuse of discretion. *Cf. Ctr. for Auto Safety v. Goodyear Tire & Rubber Co.*, 247 Ariz. 567, ¶ 16 (App. 2019) (stating that the denial of a motion "to unseal court records" is reviewed for abuse of discretion); *State v. Salerno*, No. 2 CA-CR 2024-0129, 2025 WL 300800 at *1, ¶ 4 (Ariz. App. Jan. 24, 2025) (mem. decision) (reviewing ruling denying petition to seal records for abuse of discretion).

**¶12**         In support of his position, Alvarez-Herrera asserts that the superior court failed to make findings to explain the basis for its determination that he was not eligible to petition to seal his records.

**¶13**         Nothing in the text of Section 13-911 requires a court to make express findings or otherwise explain the basis for its denial of a petition to seal. *See* A.R.S. § 13-911; *see also State v. Dies*, No. 1 CA-CR 25-0317, 2026 WL 534630 at *2, ¶ 10 (Ariz. App. Feb. 26, 2026) (mem. decision) ("[N]othing in § 13-911 required the court to make findings or otherwise provide an explanation for its denial. . . . [W]e will not judicially impose a requirement the legislature has intentionally chosen not to require." (citation modified)).

**¶14**         In any event, the court did, in fact, make findings to explain its denial of the Second Petition. Specifically, the court found that Alvarez-Herrera was not statutorily eligible to file the Second Petition because less than three years had passed since the denial of the First Petition. *See* A.R.S. § 13-911(L). The record supports this finding. The court did not abuse its discretion in denying the Second Petition as required by Section 13-911(L).

**¶15**         Alvarez-Herrera goes on to assert that the court's statement that he "did not complete all terms and conditions of the sentence" was inconsistent with the court's prior order discharging him from probation. He complains that "[t]he denial order contains no findings identifying which term was incomplete," and therefore that the matter must be remanded for the court to "make findings sufficient to permit meaningful appellate review."

**¶16**         Alvarez-Herrera's argument makes clear that he really seeks to challenge the court's denial of the First Petition, not its denial of the Second Petition. The court's ruling on the First Petition was issued on September 30, 2025. Alvarez-Herrera's notice of appeal was due no more than twenty days later, or by October 20, 2025. Ariz. R. Crim. P. 31.2(a)(2)(B). He did not file his notice of appeal, however, until December 30, 2025. Because he did not timely appeal from the denial of the First Petition, we lack jurisdiction to consider his challenge to that ruling.

**¶17**         If Alvarez-Herrera intended his Second Petition to constitute a motion for reconsideration of the ruling on his First Petition, his notice of appeal would still be untimely. A motion for reconsideration would not toll the deadline for appealing from the denial of the First Petition. *See State v. Limon*, 229 Ariz. 22, 23, ¶ 6 (App. 2011) ("The filing of a motion affecting an appealable order does not extend the time for filing an appeal from that order, in absence of a rule so providing." (citation omitted)); *see also State v.*

4

*Palmer*, No. 1 CA-CR 25-0059, 2025 WL 2549103 at *1, 2, ¶¶ 5, 8 (Ariz. App. Sept. 4, 2025) (mem. decision) (dismissing, for lack of jurisdiction, untimely appeal from ruling denying motion to restore civil rights and stating that movant's motion for reconsideration "did not extend the time for filing an appeal from the underlying order").

¶18 In his reply brief, Alvarez-Herrera argues for the first time that the court's ruling on his First Petition was a "dismissal" rather than a "denial on the merits," and that a dismissal "does not trigger the three-year bar under A.R.S. § 13-911 or Ariz. Crim. P. 36.1." This argument is inconsistent with the position Alvarez-Herrera took in his Second Petition and in his opening brief on appeal in which he repeatedly referred to the court's ruling on the First Petition as a "denial." Because Alvarez-Herrera did not raise, until his reply brief, the argument that the court's ruling on the First Petition was not a "denial" within the meaning of Section 13-911(L), we will not consider it. *State v. Brown*, 233 Ariz. 153, 163, ¶ 28 (App. 2013) ("Arguments raised for the first time in a reply brief . . . are waived.").

## CONCLUSION

¶19 We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR

5